IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:15-CR-205-ALM-CAN-1 |
| TOMSON XAYASITH (1) | § § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 9 and April 11, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Heath Hyde. The Government was represented by Assistant United States Attorneys Heather Rattan at the March 9, 2023 hearing and Assistant United States Attorneys William Tatum at the April 11, 2023 hearing.[1]

On December 20, 2016, United States District Judge Marcia Crone sentenced Defendant to a term of forty-five (45) months as to Count 1 and Count 3 to run concurrently, followed by three (3) years of supervised release as to Count 1 and Count 3 to run concurrently. *See* Dkts. 124, 126. On January 18, 2019, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 131. On February 9, 2022, the term of supervised release was revoked, and Defendant was sentenced to ten (10) months imprisonment followed by twenty (20)

---

[1] At the March 9, 2023 final revocation hearing, Defendant entered a plea of true to allegations 2 through 4, and not true to allegation 1. *See* Dkt. 184. Although the Government and Defendant had agreed to the Government's withdrawal of allegation 1 and 5, the Government did not move to withdraw these allegations nor was allegation 5 addressed by either party at the March 9, 2023 final revocation hearing. *See id.* Accordingly, the Court continued the final revocation hearing to April 11, 2023. *See id.*; Minute Entry for March 21, 2023.

1

months of supervised release. *See* Dkts. 167, 168, 177. On March 3, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 177.

On January 26, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 177), alleging Defendant violated five conditions of supervised release. *See id.* The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full time employment Defendant must try to find full time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (3) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider will supervise Defendant's participation in the program. Defendant must pay any cost with treatment and testing; (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and (5) any fine/restitution amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's

changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If Defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) Defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed. The Restitution amount is $268,180.90. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On January 25, 2023, Defendant was arrested by the Hunt County, Sheriff's Department for the offense of Assault/Family Violence. It is alleged that on or about this date, Defendant assaulted his wife. As of this writing, this charge remains pending.

- Defendant failed to gain or maintain employment since being placed on supervision in March of 2022.

- Defendant failed to attend counseling as directed on May 10, 2022. Defendant was late to counseling and failed to complete his assignments on June 20, 2022. Defendant failed to attend any counseling session in the month of July 2022 and was unsuccessfully discharged.

- Defendant was referred again to a mental health and substance abuse treatment program through Fletcher Counseling, Inc. on October 12, 2022. On or about October 24th, Defendant was administered both the SASSI and PAI tests, both of which he invalidated despite the counselor's warnings and very clear instructions. As such, Defendant failed to participate as instructed in the assessment phase of the program.

- Defendant failed to make restitution payments of $25.00 for the months of July, August, and October 2022. Total amount paid to date is $26,935.07 with an outstanding balance of $241,245.83.

On March 9 and April 11, 2023, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 184; Minute Entry for April 11, 2023. Defendant entered a plea of true to allegations 2 through 4, a plea of not true to allegations 1 and 5, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See* Dkts. 184, 189; Minute Entry for April 11, 2023. The Government moved

to withdraw allegations 1 and 5, which the Court granted. *See* Minute Entry for April 11, 2023. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 9 and April 11, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with seventeen (17) months of supervised release to follow. The Court further recommends Defendant be placed at FCI Texarkana in Texarkana, Texas, if appropriate.

**So ORDERED and SIGNED this 11th day of April, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE